UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHEN DURR**, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-180 (TNM) |
| **UNITED STATES OF AMERICA**, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Stephen Durr sued challenging his 1994 discharged from the U.S. Army. *See generally* Compl., ECF No. 1. Durr has sued at least three other times for monetary and injunctive relief based on this discharge. *See Durr v. United States (Durr III)*, No. 21-cv-354-TNM, 2021 WL 5161741 (D.D.C. Nov. 5, 2021) (discussing his litigious history and noting that the Court of Federal Claims dismissed his original suit as time-barred). All of his previous Complaints have been dismissed. *See generally id.* Indeed, this very Court dismissed a functionally identical Complaint to this one with prejudice for lack of jurisdiction. *See id.* at 4. The D.C. Circuit summarily affirmed. *See Durr v. United States*, No. 21-5296, 2022 WL 4281483 (D.C. Cir. Sept. 14, 2022). More, another judge of this district dismissed a similar complaint from Durr for lack of jurisdiction, and the Circuit affirmed. *See Durr v. Dep't of Army*, No. 19-cv-1340, 2020 WL 491460 (D.D.C. Jan. 30, 2020), *aff'd,* 828 Fed. App'x 723 (D.C. Cir. Oct. 13, 2020) (Mem). The Court incorporates all of these opinions by reference here.

The Court has carefully reviewed Durr's filings and affords him the special solicitude given to *pro se* plaintiffs. *See Sanchez-Mercedes v. Bureau of Prisons,* 453 F. Supp. 3d 404, 415 (D.D.C. 2020), *aff'd,* 2021 WL 2525679 (D.C. Cir. June 2, 2021) (per curiam). But he raises the

same jurisdictional bases that this Court and others have already rejected. *See* Mot. to Dismiss at 8–10, ECF No. 9-1. Because Durr seeks more than $10,000 in damages, the Court of Federal Claims has exclusive jurisdiction. *See, e.g.*, *Durr III*, 2021 WL 5161741, at *2–3. More, this Court has already rejected the same alternative arguments for jurisdiction Durr pleads. *See id.* at *3 (addressing arguments about 10 U.S.C. § 1558(f)(1) and 10 U.S.C. § 1552); *see* Compl. at 10–14 (raising these same statutes).

      Because this Court lacks jurisdiction, it will grant the Government's Motion to Dismiss. A separate Order will issue today.

Dated: May 25, 2023                                              TREVOR N. McFADDEN, U.S.D.J.